UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FLORENCE SEDGH,<br>　　　Plaintiff,<br>v.<br>COSTCO WHOLESALE CORPORATION,<br>　　　Defendant. | Case No. 2:24-cv-02303-RFB-NJK<br><br>**Order**<br><br>[Docket No. 20] |

　　Pending before the Court is Plaintiff's motion for leave to amend the complaint. Docket No. 20. Defendant filed a response. Docket No. 21. Plaintiff filed a reply. Docket No. 22. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.　Background**

　　Plaintiff sues Defendant for personal injuries, alleging that she was injured at Defendant's store when a store employee, "while wheeling two carts with one carrying a mattress, rammed into Plaintiff's cart." Docket No. 20 at 2. Originally filed in state court, the case was removed to federal court based on diversity jurisdiction. Docket No. 1 at 1.

　　The Court entered the scheduling order on January 13, 2025. Docket No. 14. The deadline to amend the pleadings and add parties expired on March 11, 2025. *Id.* at 1. On April 9, 2025, Plaintiff filed the instant motion to amend the complaint to name Marcelo Mayer as the store employee that was wheeling the cart. Docket No. 20. Such amendment would destroy the diversity jurisdiction of this Court. Docket No. 21 at 3.

**II.　Standards**

　A. Magistrate Judge Authority

　　Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge. *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012); *see also Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003) (identifying a motion for leave to amend the complaint as a nondispositive matter within a magistrate judge's authority to resolve). It is particularly well-established that a magistrate judge

1

is empowered to grant leave to amend. *See Bastidas v. Chappell*, 791 F.3d 1155, 1163-64 (9th Cir. 2015) (discussing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985)). On the other hand, denial of a motion for leave to amend can be considered dispositive in some circumstances. *Bastidas*, 791 F.3d at 1163-64. In this case, Plaintiff seeks to amend the complaint in order to name Mayer as a defendant. Docket No. 20 at 1. As such, the denial of the instant motion is not dispositive of Plaintiff's claims and the Court will resolve the matter as being within the undersigned magistrate judge's authority. *See Smith v. Las Vegas Metro. Police Dep't*, No. 2:23-CV-00092-JAD-NJK, 2024 WL 4615860, at *3 (D. Nev. Oct. 30, 2024) (finding that a motion to add a defendant is a non-dispositive matter). If either party disagrees with this determination as to the nondispositive nature of the ruling, they are free to raise that issue in an objection to the district judge. *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009); *see also Bastidas*, 791 F.3d at 1162 (as part of waiver analysis, encouraging magistrate judges to warn litigants of the ability to object to a determination that a matter is nondispositive).

B. Leave to Amend

While Federal Rule of Civil Procedure 15 typically governs requests to amend, a request for post-removal joinder of a party that will destroy diversity of citizenship must be analyzed under 28 U.S.C. § 1447(e), which states that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." *Kwasniewski v. Sanofi-Aventis U.S.*, LLC, 637 Fed. Appx. 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint .... The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e)."); *Lieberman v. Wal-Mart Stores, Inc.*, Case No. 2:12-CV-1650-JCM-PAL, 2013 WL 596098, at *1 (D. Nev. Feb. 15, 2013) (citations omitted). Analysis under § 1447(e) requires higher scrutiny than standard amendment under Federal Rule of Civil Procedure 15. *Lieberman*, 2013 WL 596098, at *1 (citation omitted). Courts have broad discretion when deciding whether to permit diversity-destroying joinder. *3WL, LLC v. Master Protection, LP*, 851 Fed. Appx. 4, 7 (9th Cir. 2021);

*Glaster v. Dollar Tree Stores, Inc.*, Case No. 2:15-CV-00252-MMD-VCF, 2016 WL 128139, at *2 (D. Nev. Jan. 12, 2016).

> Analysis of a motion brought under § 1447(e) includes the following factors:
>
> > (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant.

*Lieberman*, 2013 WL 596098, at *1 (internal citations omitted). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Id*. citing *Yang v. Swissport USA, Inc.*, Case No. C 09–03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. 2010).

**III.  Analysis**

  A.  Just Adjudication

Federal Rule of Civil Procedure 19(a) "requires joinder of persons whose absence would preclude the grant for complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Lieberman*, 2013 WL 596098 at *2. Here, Defendant admits that Mayer "was undisputedly within the course and scope of his employment at the time of the incident." Docket No. 21 at 4. Defendant admits that, if Mayer's conduct arises to negligence, Defendant would be responsible for his actions and any monetary damages under *respondeant superior*.[1] *Id*. at 7. When an employer is vicariously liable for its employee, "the employee is not necessary to the litigation." *Lopez v. Kroger Co.*, Case No. 2:16-CV-02457-KJD-PAL, 2017 WL 3142471, at *2 (D. Nev. July 24, 2017) (internal citation omitted).

---

[1] Plaintiff submits that Defendant "has previously denied in its Answer that it would be vicariously liable and has since made conflicting representations in its Opposition." Docket No. 22 at 5. However, Defendant did not deny that it would be vicariously liable in its answer; it said "it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein, and, therefore, denies the same." Docket No. 1 at 26. This is not the contradictory and conflicting representation that Plaintiff purports it to be. *See* Docket No. 22 at 2-3.

Thus, Mayer is not a necessary party whose absence would prevent Plaintiff from obtaining complete and adequate relief. *See Ybarra v. Walmart, Inc.*, No. 2:23-CV-00639-GMN-EJY, 2023 WL 9067759, at *2 (D. Nev. Nov. 20, 2023) (finding that defendant's employee was not a necessary party when defendant admitted to vicarious liability); *see also Sanchez by & through Gomez v. Target Corp.,* LLC, No. 2:21-CV-00058-KJD-DJA, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021) (finding that store employees are not necessary for just adjudication when any recovery for their alleged negligence can be recovered from their employer under the doctrine of *respondeat superior*) (internal citation omitted). As such, the first factor weighs against allowing amendment.

### B. Statute of Limitations

"Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court." *Lieberman*, 2013 WL 596098 at *3 (internal citations omitted). Under NRS 11.190(4)(e), there is a two-year statute of limitations for commencing an action involving injury to a person caused by neglect of another. Because the events at issue took place on September 22, 2023, Docket No. 20 at 2, the statute of limitations does not bar Plaintiff from filing suit in state court. The second factor, therefore, weighs against allowing amendment.

### C. Untimely Delay

The Court considers whether an amendment to add a party is timely. *Lieberman*, 2013 WL 596098 at *4. The deadline to amend and add parties expired on March 11, 2025. Docket No. 14 at 1. The instant motion was filed on April 9, 2025. Docket No. 20. Plaintiff submits that on March 31, 2025, Defendant served its responses to Plaintiff's interrogatories identifying Mayer as "the employee pushing the flatbed with the mattress that Plaintiff's cart encountered." Docket No. 20 at 2; *see also* Docket No. 20-1 at 7. Plaintiff submits she "has not delayed in making her request but instead seeks to amend at an early stage of the proceedings" and that she immediately filed the motion after being made aware of Mayer's identity. Docket No. 20 at 5. Plaintiff submits that she "immediately sought discovery to ascertain Mr. Mayer's identity." Docket No. 222 at 6. Yet,

4

Plaintiff did not seek that discovery until February 14, 2025, Docket No. 20 at 2, one month into the discovery period. *See* Docket No. 14. On March 26, 2025, the Court found that the parties failed to demonstrate diligence as they had conducted little affirmative discovery. Docket No. 19 at 1.

Further, Plaintiff fails to address the threshold issue that her motion was made *after* the deadline to amend and add parties expired. Plaintiff's motion was untimely made and, thus, the third factor weighs against amendment.

D. Motive for Joinder

"[A] trial court should look with particular care at ... [the] motive in removal cases[ ] when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980); *Valdes v. Smith's Food & Drug Centers, Inc*., Case No. 2:19-CV-01313-JCM-DJA, 2019 WL 13214705, at *2 (D. Nev. Oct. 4, 2019). Plaintiff submits that she is not seeking to add Mayer to destroy diversity, but to "bring all necessary parties into the case at an early stage, which serves the beneficial purpose of resolving related issues at the same time and having all such issues determined on the merits by one court." Docket No. 20 at 5. The inclusion of a Doe defendant in Plaintiff's complaint, Docket No. 1 at 8-9, bolsters Plaintiff's argument that her motive for joinder is not solely to destroy diversity jurisdiction. *See Lieberman*, 2013 WL 596098 at *5. Plaintiff has a reasonable motive to add Mayer given his alleged role in the injury and potential individual liability.

However, because Defendant admits vicarious liability if Mayer was negligent, adding Mayer as a defendant does not provide another avenue for Plaintiff to obtain relief. Therefore, this factor is neutral.

E. Prejudice to Plaintiff

When an employer acknowledges it could be liable for potentially tortious actions of its employees under *respondeat superior* and has the financial resources to satisfy a potential judgment, the prejudice to a plaintiff arising from denying a motion to add an individual defendant is diminished. *Sanchez by & through Gomez*, 2021 WL 952095, at *1. Prejudice to Plaintiff

5

cannot be demonstrated given that Defendant admits that if Mayer was negligent in acting in the course and scope of his employment, Defendant is vicariously liable for his actions. Docket No. 21 at 7. Further, Defendant could satisfy the judgment Plaintiff seeks. *Id*. Additionally, in Defendant's first supplement disclosure, it admitted it "is self-insured in an amount sufficient to cover excess of all of Plaintiff's claimed damages in this case." Docket No. 20-2 at 4. Defendant also submits that "there is no evidence Mr. Mayer would have any attributable assets and Plaintiff's ability to recover against [Defendant] would not be compromised if he is not a party in this case." Docket No. 21 at 8. Plaintiff submits that Defendant's representation about Mayer's financial status "is unverified and unsupported." Docket No. 22 at 5. Plaintiff also submits that, while she "can obtain relief from Defendant," she is unaware of its financial strength. *Id*. at 6. The Court finds no reason, and Plaintiff fails to provide any, to believe Defendant's representations to the Court that it would be vicariously liable and could satisfy the judgment Plaintiff seeks are not supported. *See* Fed. R. Civ. P. 11 (b)(3). Thus, the fifth factor weighs against allowing amendment.

### F. Merit of Claims

The Court must also determine "whether the claim[s] sought to be added seem meritorious." *Lieberman*, 2013 WL 596098 at *5. Plaintiff's proposed amended complaint alleges that Mayer ran into Plaintiff's shopping cart. Docket No. 20-4 at 4. The rest of the complaint does not include any other allegations or specific claims against Mayer. *See* Docket No. 20-4. Further, Plaintiff alleges a negligence claim against Defendants. *See id*. at 4. To prevail on a negligence theory, Plaintiff must establish that Defendants owed her a duty of care. *See Monarrez v. Wal-Mart Stores, Inc.*, No. 2:21-CV-00431-ART-DJA, 2023 WL 4400003, at *2 (D. Nev. May 26, 2023) (internal citation omitted). However, it would be the business owner that owes that duty, not the individual employee. *See id*. ("An owner of a business owes its patrons "a duty to keep the premises in a reasonably safe condition for use—the duty of ordinary care") (internal citation omitted). Further, the two remaining claims in the proposed amended complaint are for negligent hiring and vicarious liability, which are solely claims against Defendant Costco. *See* Docket No. 20-4 at 5-6.

Finally, Plaintiff's proposed amended complaint alleges that Defendant Costco "is vicariously liable for the damages caused by its employees." *Id*. at 6. Because any successful claim Plaintiff has against Mayer is Defendant's responsibility, Mayer is not a necessary party for Plaintiff to get full relief. *See Ybarra*, 2023 WL 9067759, at *3. Thus, the final factor weighs against allowing amendment.

**IV.   Conclusion**

Defendant Costco admits that its employee was acting in the course and scope of his employment and if, its employee is found negligent, Defendant is responsible for the conduct under *respondeat superior*. Docket No. 21 at 7. Further, Defendant can satisfy any judgment rendered. *Id*. Under these circumstances, the Court finds that Plaintiff fails the higher scrutiny test for adding a defendant who will destroy diversity.

Accordingly, Plaintiff's motion for leave to amend complaint is **DENIED**. Docket No. 20.

IT IS SO ORDERED.

Dated: June 9, 2025

_____
Nancy J. Koppe
United States Magistrate Judge